IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEROY T. PINKNEY,

        Petitioner,

  v.                                       Civil Action No. 5:14cv141
                                             (Judge Stamp)

WARDEN of FCI Gilmer,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On October 27, 2014, the *pro se* petitioner, Leroy T. Pinkney ("Pinkney"), an inmate then incarcerated at FCI Gilmer, in Glenville, West Virginia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 against the United States Parole Commission. Along with his petition, Pinkney filed a motion to proceed *in forma pauperis* ("IFP"). Neither the petition nor the IFP motion were on court-approved forms. Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, directing him to correct his deficiencies, on November 7, 2014, Pinkney filed an IFP motion and a copy of his Prisoner Trust Account Report ("PTAR") with Ledger Sheets. However, he did not include a copy of his petition on the court-approved form provided with the deficiency notice. Accordingly, on November 17, 2014, a Show Cause Order was entered, giving him fourteen days, or until December 1, 2014, to explain why his case should not be dismissed. On November 26, 2014, petitioner filed a letter motion to appoint counsel and refiled his petition on the court-approved form; however, the petition was missing the last two pages. On December 1, 2014, he filed the last page and certificate of service he omitted to include with the court-approved form. By separate Orders entered December 1, 2014,

petitioner's letter motion for appointed counsel was denied and he was granted permission to proceed as a pauper but directed to pay the filing fee. On December 19, 2014, petitioner paid the requisite fee. On January 13, 2015, the undersigned conducted a preliminary review, and determined that summary dismissal was not appropriate at that time. Accordingly, a show cause order was entered, and the Clerk of Court was directed to substitute the Warden of FCI Gilmer for the United States Parole Commission ("USPC"). After being granted an extension of time, on March 3, 2015, the respondent filed a Motion to Dismiss, or Motion for Summary Judgment and Response to Order to Show Cause. Before the court could issue a Roseboro[1] Notice, on March 17, 2015, petitioner filed a response to the dispositive motion.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Facts

On January 9, 1979, in the Superior Court of the District of Columbia, petitioner was sentenced to 20 years in prison for an armed robbery committed on February 15, 1978.[2] He was released on parole on July 20, 2007, to remain on parole until May 12, 2015.[3]

On November 9, 2011, the USPC issued a warrant for petitioner charging him with 12 instances of failing to submit to drug testing; 10 instances of use of drugs; and with committing a new violation of law, for leaving the scene of an accident and driving without a permit.[4]

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

[2] BOP Sentence Monitoring Computation Data, Dkt.# 26-1 at 3.

[3] Certificate of Parole to Detaining Authorities, Dkt.# 26-1

[4] D.O.J. Warrant, D.C. Code Offender, Dkt.# 26-1 at 20 and 26.

Petitioner pled guilty to leaving after colliding and, on December 21, 2011, the Superior Court of the District of Columbia sentenced him to 15 days in custody, execution of sentence suspended.[5]

On November 26, 2012, a USPC hearing examiner conducted a revocation hearing for petitioner.[6] The hearing examiner noted that it was petitioner's fourth parole revocation for his 1978 armed robbery conviction.[7] The examiner conducted a discretionary review of whether petitioner should receive credit for time spent on parole and found that petitioner was convicted of a new offense that was punishable by a term of confinement. Next, the examiner considered petitioner's record of drug addiction and the violation conduct, and concluded that the time spent on parole should be forfeited.[8]

By notice of action dated January 14, 2013, the USPC revoked petitioner's parole, forfeiting all of the time petitioner had spent on parole, and granted re-parole on June 21, 2013, after the service of 13 months.[9] Petitioner appealed the USPC's decision; the National Appeal Board affirmed the Commission's decision.[10]

Following his release on parole on June 21, 2013, the Commission issued another parole violation warrant for petitioner based upon information that he had yet again violated the

---

[5] Judgment in a Criminal Case, Superior Court of the District of Columbia, Dkt.# 26-1 at 23.

[6] Revocation Hearing Summary, Dkt.# 26-1.

[7] Id. at 1.

[8] Id. at 3.

[9] January 14, 2013 Notice of Action, Dkt.# 26-1 at 29.

[10] Notice of Action on Appeal, Dkt.# 26-1 at 33.

conditions of his release.[11] This time, the charge was his refusal to participate in the mandated drug aftercare program since June 24, 2013.[12]

A Commission hearing examiner conducted the revocation hearing for petition on October 16, 2013, noting that it was his fifth revocation.[13] By Notice of Action dated October 28, 2013, the Commission issued its decision to revoke parole, credit all time spent on parole, and grant re-parole on August 22, 2015, after the service of 24 months.[14] Although this decision exceeded the re-parole guidelines, the Commission explained its decision, noting that it found petitioner to be a more serious risk, because of his lengthy criminal history and drug abuse.[15] Petitioner appealed this decision, claiming it was excessive. However, the National Appeals Board found otherwise, and affirmed the Commission's decision.[16]

Petitioner's projected release date was August 22, 2015.[17]

### III. Contentions of the Parties

The petitioner raises four unclear claims in his court-approved form petition, filed without a memorandum in support. For brevity and clarity, his claims are condensed here into three. He contends that the United States Parole Commission violated his rights because:

1) he was on parole for 5 years and was never charged with or convicted of any felony;

---

[11] D.O.J. Warrant, D.C. Code Offender, Dkt.# 26-1 at 34.

[12] Warrant Application, D.C. Code Offender, Dkt.# 26-1 at 36.

[13] Revocation Hearing Summary, Dkt.# 26-1 at 37.

[14] Notice of Action, Dkt.# 26-1 at 40.

[15] Id. at 40 – 41.

[16] Notice of Action on Appeal, Dkt.# 26-1 at 44.

[17] Dkt.# 26-1 at 3.

4

2) the USPC overstepped its bounds by resentencing him for a crime that was never committed; and

3) the Notice of Action states that May 22, 2015 is his release date.

As relief, he requests that the Court release him from prison on May 22, 2015, his real release date, and "I am of [sic] parole afte [sic] 36 years."[18]

**Respondent's Motion to Dismiss or for Summary Judgment and Response to Show Cause Order**

The respondent contends that the petition should be dismissed or summary judgment granted in its favor because

1) the petition is time-barred based on the one-year statute of limitations in AEDPA; because petitioner is challenging the execution of a sentence imposed by a District of Columbia court, he must proceed by filing a habeas petition pursuant to 28 U.S.C. §2254; and

2) the USPC was authorized by law to forfeit the time petitioner spent on parole.

**Petitioner's Response**

Petitioner reiterates his arguments and attempts to refute the respondent's on the same.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

---

[18] Dkt.# 12 at 6.

plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a

sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

**V. Analysis**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

At the time he filed this petition, Pinkney was seeking release from prison on May 22, 2015. Although petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on August 21, 2015. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this court can offer. Therefore, this case is now moot.

**VI. Recommendation**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt.# 25) be **GRANTED,** albeit on other grounds than stated by the respondent, and petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by December 2, 2015,** any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such**

**Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: November 18, 2015

    /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE